UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DERRICK L. OAKES ,

                    Plaintiff,

                                                              CASE NO. 1:09-CV-952
v.
                                                              HON. ROBERT J. JONKER
KATHY DANHOF, et al.,

                    Defendants.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 32)

and Plaintiff Oakes's Objections to it (docket # 33).  Under the Federal Rules of Civil Procedure,

where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district

judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo

reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE

AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's
> disposition that has been properly objected to.  The district judge may accept, reject,
> or modify the recommended disposition; receive further evidence; or return the
> matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances

requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d

1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to

the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its

review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Report and Recommendation recommends that the Court grant Defendants' motion for summary judgment (docket # 29). Mr. Oakes raises three objections, none of which changes the fundamental point that the statute of limitations applicable to his claim passed several years before Mr. Oakes filed this case. The record plainly establishes that he received notice of the polygraph examination special condition on January 30, 2001 (docket ## 30-11, 30-12). If the special condition was improper, Mr. Oakes should have raised the issue within the three-year statute of limitations. *See* MICH. COMP. L. § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538 (6th Cir. 2004). Neither Mr. Oakes's alleged discovery in 2008 that the parole board had not formally approved the special condition, nor the assertions in his other objections form a basis for tolling the applicable statute of limitations. The Magistrate Judge correctly determined that Defendants are entitled to summary judgment.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 32) is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket # 29) is **GRANTED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:     September 20, 2010          /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE